# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * * * * *
JOANNE SEIVWRIGHT,              *
                                *
                                *      No. 19-1398V
                Petitioner,     *      Special Master Christian J. Moran
                                *
v.                              *
                                *      Filed: April 10, 2023
SECRETARY OF HEALTH             *
AND HUM. SERVICES,              *
                                *      Entitlement; dismissal.
                Respondent.     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

<u>Edward Kraus</u>, Kraus Law Group, LLC, Chicago, IL, for petitioner;
<u>Kyle Edward Pozza</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## **UNPUBLISHED DECISION DENYING COMPENSATION**[1]

Joanne Seivwright alleged that the influenza ("flu") vaccine she received on November 9, 2016 caused her to develop clinical manifestations of seronegative rheumatoid arthritis. Pet., filed Sept. 12, 2019, at 1. On March 6, 2023, Ms. Seivwright moved for a decision dismissing her petition.

### I. **Procedural History**

Joanne Seivwright ("petitioner") filed a petition on September 12, 2019. Petitioner filed an expert report from Dr. Gershwin on May 29, 2020. Petitioner also filed relevant medical records, which were complete on July 10, 2020. <u>See</u> Order, filed July 14, 2020.

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

The Secretary filed his Rule 4(c) Report on October 13, 2020.  In the report, the Secretary argued that rheumatoid arthritis is not a Table Injury, and that petitioner had not proven causation for her alleged Table Injuries.  Resp't's Rep. at 10-13.

The Secretary filed responsive expert reports from Dr. Little and Dr. Oddis on April 8, 2021.  Petitioner filed a supplemental expert report from Dr. Gershwin on June 1, 2021.  In response, the Secretary filed supplemental expert reports from Dr. Little and Dr. Oddis on August 3, 2021.  Petitioner filed a second supplemental expert report from Dr. Gershwin on September 15, 2021.  The Secretary then filed second supplemental expert reports from Dr. Little and Dr. Oddis on February 2, 2022.  Petitioner filed a third supplemental expert report from Dr. Gershwin on May 18, 2022.  At a status conference on June 8, 2022, the parties agreed to conclude the exchange of expert reports and began settlement discussions.  See Order, filed June 8, 2022.

Petitioner communicated a settlement demand to the Secretary on July 5, 2022.  Pet'r's Status Report, filed July 6, 2022.  The Secretary advised that his position remained that this case was not appropriate for compensation, and suggested moving forward with a briefing schedule.  Resp't's Status Report, filed Aug. 5, 2022.

On December 19, 2022, the undersigned issued a tentative finding.  The undersigned tentatively found that petitioner was not likely to establish that she was entitled to compensation, as she had not met her burden to establish the diagnostic criteria for seronegative rheumatoid arthritis, a theory of causation, or timing.  Tentative Finding Denying Entitlement, filed Dec. 19, 2022, at 2-4.  This was due to greater persuasiveness with respect to diagnosis by Dr. Oddis; a lack of persuasiveness with respect to Dr. Gershwin's adaptive immune system theory of causation; epidemiologic evidence and consistent decisions from special masters determining that flu vaccines did not cause rheumatoid arthritis; a lack of evidence that the onset of symptoms began within an appropriate interval; and that no treating doctor had linked petitioner's rheumatologic problems to the flu vaccine.  Id.

A status conference was then held on January 19, 2023, during which the parties discussed the next steps in the case.  Petitioner requested 45 days to review additional medical records before deciding whether to move to dismiss the case or proceed with litigation.  On March 6, 2023, petitioner filed a motion for a decision dismissing her petition.  The Secretary did not file a response to this motion.  Thus, this motion is ready for adjudication.

## II.     Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of her claim, but wishes to have her claim dismissed and judgment entered against her pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal).

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  Here, as addressed in the tentative finding denying entitlement issued on December 19, 2022, based on the medical records and expert reports submitted, petitioner has not met her burden to prove a diagnosis of rheumatoid arthritis, theory, or timing.  As detailed in this tentative finding, the Secretary's experts provided significantly more persuasive opinions regarding these aspects of the case.  Dr. Oddis explained that petitioner does not meet the diagnostic criteria for seronegative rheumatoid arthritis because she did not display synovitis.  When a petitioner fails to establish diagnosis, there is no need for an analysis pursuant to Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).  Lombardi v. Sec'y of Health & Human Servs., 656 F.3d 1343, 1353 (Fed. Cir. 2011).

However, even if petitioner were to establish diagnosis, she has failed to establish Althen prong one or prong three. Petitioner has not met her burden of establishing a persuasive theory to explain how a flu vaccine can cause seronegative rheumatoid arthritis.  As stated in the tentative finding, Dr. Gershwin advanced a theory involving somatic changes invoking the adaptive immune system, and suggested that cytokines cause inflammation.  However, Dr. Little explained that a process involving the adaptive immune system would not fit petitioner's chronology.  Further, special masters have considered whether a vaccine can cause rheumatoid arthritis and have found the evidence lacking. See, e.g., McGuiness v. Sec'y of Health & Hum. Servs., No. 17-0954V, 2021 WL 5292343 at *15 (Fed. Cl. Spec. Mstr. Oct. 20, 2021) (citing cases). In this context,

special masters have consistently rejected a theory based upon cytokines. <u>Hock v. Sec'y of Health & Hum. Servs.</u>, No. 17-168V, 2020 WL 6392770, at *29 (Fed. Cl. Spec. Mstr. Sep. 30, 2020); <u>Olson v. Sec'y of Health & Hum. Servs.</u>, No. 13-493V, 2017 WL 3624085, at *20 (Fed. Cl. Spec. Mstr. July 14, 2017), mot. for rev. denied, 135 Fed. Cl. 670, 676 (2017), aff'd, 758 F. App'x 919 (Fed. Cir. 2018).

Additionally, petitioner has not persuasively shown that the interval between her vaccination and the onset of seronegative rheumatoid arthritis – approximately one day – was appropriate for inferring causation.  <u>Bazan v. Sec'y of Health & Hum. Servs.</u>, 539 F.3d 1347, 1352 (Fed. Cir. 2008); <u>see also</u> <u>Hock</u>, 2020 WL 6392770, at *29 (rejecting an onset of one to three days).  Petitioner is therefore unlikely to establish prong three.

If petitioner is unlikely to establish prong one or prong three, it follows that petitioner cannot establish prong two.  See <u>Caves v. Sec'y of Health & Human Servs.</u>, 100 Fed. Cl. 199, 145 (2011), <u>aff'd without op.</u>, 463 Fed. App'x 932 (Fed. Cir. 2012).  With respect to Althen's second prong, it appears that no treating doctor linked petitioner's rheumatologic problems to the flu vaccination. Petitioner's proposition regarding the logical sequence of cause and effect is also confusing due to Dr. Gershwin's assertion that petitioner suffered from a latent seronegative rheumatoid arthritis for years before receiving the allegedly causal flu vaccination. <u>See</u> Exhibit H at 3 (Dr. Little discussing petitioner's other exposures to the flu vaccine that did not prompt clinical disease).

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master